Chicago Securities Corporation, Appellant, v. William McBride, Defendant. Thomas H. Willis, Appellee.

Gen. No. 38,936.

Opinion filed December 30, 1936.

VERNE B. SELLE, of Chicago, for appellant; A. J. HENNINGS and VERNON R. LOUCKS, both of Chicago, of counsel.

EDWARD R. NEWMANN and IRVING R. SIDEMAN, both of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Plaintiff, hereinafter called appellant, appeals from a judgment order vacating and setting aside a final judgment in an ejectment suit. William McBride, the sole defendant in the suit, was duly served with summons, defaulted, and final judgment was entered against him on October 24, 1935. On March 7, 1936, Thomas H. Willis, appellee, was granted leave to intervene as a party defendant; the order of October 24, 1935, was vacated and set aside, and leave was granted petitioner to file his petition instanter, the same to stand as an answer to the complaint. The verified intervening petition reads as follows:

"Now comes THOMAS H. WILLIS and, leave of Court having been first obtained, presents herewith his petition to vacate the order entered herein on October 24, 1935, and as grounds therefor, represents as follows:

"1. That on to-wit, August 9, 1935 (being the date of the filing of the complaint herein) and from thence hitherto, your petitioner was the title holder of record and owner in fee simple of those several parcels of land with improvements thereon situated in Chicago, Cook County, Illinois, generally known as No. 16-18-20-22-24 and 28 west 37th Street and 3649-3653 and 3655 South Dearborn Street, and legally described as follows: (Here follows a legal description of the premises.) being the same premises described in the complaint filed herein;

"2.   That the improvements on said premises comprise four distinct units as follows:

"(a)   16 to 28 W. 37th Street consisting of a brick structure containing seven stories and eight apartments;

"(b)   3649 S. Dearborn Street consisting of a brick and stone two flat building;

"(c)   3653 S. Dearborn Street consisting of a brick cottage;

"(d)   3655 S. Dearborn Street consisting of a brick and stone two flat building, segregated from the foregoing units by a driveway;

"3.   That one WILLIAM MCBRIDE occupied a store at number 24 West 37th Street, over which store are two of the eight apartments described under the foregoing sub-paragraph (a); that said store was the only portion of the entire premises of which said McBride had possession at the time of the filing of said complaint;

"4.   That it appears from the records of this Court that summons was served on said William McBride on to-wit, August 14, 1935, but that said McBride filed no appearance nor answer, made no defense and on to-wit, October 24, 1935 said defendant was adjudged in default, the complaint taken as confessed against said defendant and, in an ex parte hearing, the Court adjudged the defendant guilty and entered an order finding that the defendant unlawfully withheld from the plaintiff the premises described in said complaint and that the right to the possession of said property was in the plaintiff, all of which is more particularly set forth in the order entered on said day, copy of which is hereto attached as Exhibit A and by express reference made a part hereof;

"5.   That said defendant William McBride was a tenant of your petitioner and that your petitioner had received rental from said McBride for the occupancy

of said store for a period of approximately one year; that said McBride did not at any time give notice of the pendency of this action to your petitioner or to his agent or attorney in accordance with the Statute in such case made and provided (Cahill's Illinois Revised Statutes, Chapter 45, Section 17); that your petitioner had no knowledge of this action nor the entry of the order (Exhibit A) until to-wit, about the first of the present year when your petitioner learned that certain other tenants occupying various portions of said premises had refused to pay rent to your petitioner stating that the plaintiff in the above entitled cause had directed them to refrain from paying rent to your petitioner and had demanded that said tenants pay rental to said plaintiff; that your petitioner did thereupon institute forcible detainer proceedings against one of said tenants and procured judgment for possession in the Municipal Court of Chicago, case #2670414.

"6. That it does not appear from the record of this case that plaintiff made any proof whatsoever of compliance with the requirements of the Statute pertaining to the purchase of tax titles and more particularly that section of the Statutes described as Chapter 120, paragraph 232 (Cahill's Illinois Revised Statutes, 1935); that said plaintiff did not serve or cause to be served any notice whatsoever of its alleged purchase of said premises 'on every person in actual possession or occupancy of said land' nor 'upon the person in whose name the same was taxed' nor upon your petitioner, the owner of the land; that your petitioner maintains an office at 10 South La Salle Street; that his name and address appear in the telephone book; that the name and address of your petitioner's agent is prominently posted on said premises;

"7. That plaintiff herein has failed to comply with said Section 232 above referred to and likewise your petitioner is informed and believes the fact to be that

said plaintiff failed to comply with the succeeding Sections 233 and 234;

"8. That the entry of the order of October 24, 1935 was and is in violation of the rights of your petitioner and your petitioner represents that, in justice and equity, the same ought and should be vacated, set aside and held for naught.

"Wherefore by reason of the matters and things hereinabove set forth your petitioner prays,

"(a) That leave be granted to file this, his petition;

"(b) That your petitioner be joined as a party defendant herein;

"(c) That the order of October 24, 1935, (Exhibit A), be vacated and set aside;

"(d) That this petition may stand as an answer to the complaint filed herein;

"(e) That the matter be set for hearing at an early date convenient to the Court;

"And that such other and further order may be entered as the Court may deem proper and requisite in the premises."

The verified answer of appellant set up, *inter alia,* that more than 30 days had elapsed since the entry of the final order or judgment on October 24, 1935, and prayed that the relief requested by the intervening petitioner be denied.

Appellant contends that "under the practice act the trial court loses jurisdiction over its final orders after thirty days after the entry of such order"; that "the order of March 7th, 1936, was entered more than thirty days after the judgment of October 24th, 1935, and the intervening petition of Thomas H. Willis is insufficient as a motion in the nature of a writ of coram nobis," and the court was without jurisdiction to vacate the judgment entered October 24, 1935.

Par. 178, ch. 110, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 104.050, provides;

"(7) The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable."

It is clear that the intervening petition was insufficient as a motion in the nature of a writ of error *coram nobis*. Indeed, appellee states it was not intended as a motion in the nature of a writ of error *coram nobis*, and the law applying to such a writ has no bearing upon the instant petition. He argues: "Under the Civil Practice Act the court may exercise its equitable powers in motions to vacate judgments," and that "equitable matters shown on motion to vacate a judgment may now be noticed by the court and applied to give relief. The trial court considered that there were equitable grounds for setting aside the judgment and allowing a meritorious defense to be interposed"; that "where legal and equitable powers are consolidated, the court has broader powers than under the ancient writ of error *coram nobis*." No authority is cited by counsel that supports the action of the trial court in vacating the judgment. Even if appellee's intervening petition could be considered as in the nature of a bill in equity to vacate the judgment, there are no facts set up in the petition that would warrant the vacating of the judgment. Appellee contends that "a landlord without notice of the pendency of an ejectment proceeding, will be permitted, upon proper affidavit, to be made party to the suit and to defend," even though thirty days have elapsed since the entry of the judgment, and "the landlord whose tenant is sued in ejectment may, upon his own motion or that of the plaintiff, be made defendant in such action upon such terms as may be ordered by the court." The petition is based upon that theory of law. It is true that a landlord may enter and defend at any time prior to judgment, and

he would, undoubtedly, be given the same right during the 30-day period provided by clause (7). But after the expiration of the 30 days provided in clause (7) the only way in which the trial court could set aside the final judgment would be through a written motion in the nature of a writ of error *coram nobis*. (See par. 200, sec. 72, Practice Act, Ill. State Bar Stats. 1935, ch. 110; Jones Ill. Stats. Ann. 104.072.) By a recent enactment of the legislature the provisions of the Civil Practice Act now apply to all proceedings in ejectment. (See ch. 45, par. 50, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 109.235.) The Ejectment Act also provides that the court may grant a new trial before or after final judgment in ejectment cases as in other civil cases. (See par. 36, ch. 45.)

Appellee contends that "in order to sustain an action in ejectment, the bill of complaint must allege exact compliance with the requirements of chapter 120, par. 232 (Cahill's Illinois Revised Statutes 1935) and the proof must support such allegations." Such a contention has no place in the instant appeal.

Appellee contends that the order of March 7, 1936, vacating the judgment of October 24, 1935, was equivalent to the granting of a new trial; that Rule 20 of this court provides that an appeal from an order granting a new trial may not be taken except upon leave granted upon application by petition; that no such petition was filed by appellant, and the instant appeal was filed without leave of this court, and should, therefore, be dismissed. It is difficult to believe that this contention is seriously made. Appellee has filed a motion to dismiss the appeal. It will be denied.

Appellee was not made a defendant in the ejectment suit, and if he received no notice from his alleged tenant, McBride, of the pendency of the suit and had no opportunity to appear and defend in the name of the

tenant or in his own behalf, he is not concluded or bound by the judgment entered on October 24, 1935.

The judgment order of the circuit court of Cook county entered March 7, 1936, is reversed.

*Judgment order of March 7, 1936, reversed.*

JOHN J. SULLIVAN, P. J., and FRIEND, J., concur.